UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRANK BELLUE,<br><br>      Plaintiff,<br><br> v.<br><br>DEPARTMENT OF CORRECTIONS, et al.,<br><br>      Defendants. | CASE NO. 2:18-cv-00855-RSL-BAT<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND DENYING APPOINTMENT OF COUNSEL** |

On February 26, 2019, plaintiff filed a motion to compel discovery and to appoint counsel. Dkt. 18. On March 8, 2019, plaintiff filed a supplemental declaration indicating he has conferred with defense counsel and defense counsel has provided additional discovery. Dkt. 19. In the supplemental declaration, plaintiff advises he now seeks an order compelling discovery limited to the following:

 (1) That the Court order defendant Kresge to admit or deny request for admissions 6, 7, 8, 10, 12, 19, 20 and 21;

 (2) That the Court order defendant Kresge to answer the interrogatories and requests for production: 5, 6, 8 and 9;

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL
DISCOVERY AND DENYING APPOINTMENT OF
COUNSEL - 1

1    (3)    That the Court order defendant Larson to admit or deny requests for admissions 4, 11, 14, 15, and 16; and

(4)    That the Court order defendant Larsen to answer interrogatories and requests for production: 4, 5, 6, 8 and 10.

For the reasons discussed below, the Court DENIES plaintiff's motion to compel discovery and DENIES the motion to appoint counsel. Dkt. 18.

**A.    Discovery Standards**

The Court has the discretion to determine relevancy in discovery matters. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). The Court also has broad discretion to limit discovery to prevent its abuse. *See* Fed. R. Civ. P. 26(b)(2) (instructing that courts must limit discovery where the party seeking the discovery "has had ample opportunity to obtain the information by discovery in the action" or where the proposed discovery is "unreasonably cumulative or duplicative," "obtain[able] from some other source that is more convenient, less burdensome, or less expensive," or where it "is outside the scope permitted by Rule 26(b)(1)").

A motion to compel may be brought where responses to discovery requests are unanswered or insufficient. See Fed. R. Civ. P. 37. Plaintiff as the moving party has the initial burden of establishing that a request satisfies the relevancy requirements of Rule 26(b)(1). *La. Pacific Corp. v. Money Market 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012). When the discovery sought is relevant on its face, "[t]he party resisting discovery bears the burden of establishing lack of relevance by demonstrating that the requested discovery either does not come within the broad scope of relevance or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Pulsecard, Inc. v. Discover Card Services, Inc.*, 168 F.R.D. 295, 309 (D. Kan.

1996) (citation omitted). However, "[w]hen the relevancy is not apparent, it is the burden of the party seeking discovery to show the relevancy of the request." *Id.* (citations omitted); s*ee also Dolfo v. Bank of America, N.A*., 2013 WL 1316705 (S. D. Cal. Mar. 29, 2013) ("Once the moving party establishes that the information is [relevant], the burden shifts to the opposing party to specify how the discovery request is irrelevant, overly broad, burdensome, or oppressive.") (citations omitted).

A party may oppose discovery requests for a variety of reasons. A party opposing discovery on the grounds the request is overbroad has the burden of showing why discovery should be denied. *See e.g. Russell v. Daiichi-Sankyo, Inc*., 2012 WL 1161435, *2 (D. Mont. 2012). Generally, boilerplate objections of vague, overbroad and unduly burdensome are disapproved. *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006). Although the opposing party has a burden, the scope of discovery is not boundless; discovery requests must be relevant and cannot be unreasonably cumulative, duplicative, or unnecessarily burdensome in light of their benefit. *Jackson v. Montgomery*, 173 F.R.D. 524, 526 (D. Nev. 1997).

A party may also oppose a discovery request on the grounds it is burdensome. The Court assesses this ground by balancing the burden on the objecting party against the benefit to the discovering party. *McEwan v. ODP Group*, 2016 WL 1241530 at *4 (S.D. Cal. Mar. 30, 2016) ("In deciding whether a request is unduly burdensome, a court must balance the burden to the responding party against the benefit to the party seeking the discovery.").

And a party may further oppose discovery on the grounds of overbreadth. The Court may deny discovery requests that are overbroad, vague or request disclosure of irrelevant evidence.

*See e.g. Mailhoit v. Hone Depot U.S.A., Inc.*m 2012 WL 12884129 at * 2 (C.D. Cal. Sept. 4, 2012).

The Court notes that parties sometimes oppose discovery on the grounds it calls for a response that is a legal conclusion. Generally, discovery asking for a legal conclusion is not grounds for an objection. *Thomas v. Cate*, 715 F.Supp.2d 1012, 1029 (E.D. Cal. 2010); *Campbell v. Washington*, 2009 WL 577599 *3, 2009 (W.D. Wash. March 5, 2009) (The Federal Rules expressly direct that "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact").

**B.     Discovery Requests Regarding Defendant Kresge**

Plaintiff moves the Court to order defendant Kresge to admit or deny requests for admissions 6, 7, 8, 10, 12, 19, 20 and 21.

**Request Six**. The Court **DENIES** this request because defendant has provided an answer: "I don't know." Dkt. 18 at 18.

**Requests 7, 8, 10, 19, 20, 21**. The Court **DENIES** these requests. The requests are not properly propounded to obtain an admission or denial as contemplated by the federal rules. Defendant objected to the requests arguing they are vague and subject to many meanings. Requests for admission should be directed to a specific fact, the application of law to fact, or opinions about either, or the genuineness of any described document. A request to admit the genuineness of a document must be accompanied by a copy of the document. Plaintiff must fashion his requests to enable Defendants to either "admit," "deny," or answer concisely why they are unable to admit or deny. Plaintiff's requests may only concern matters relevant to the retaliation claim against the two defendants, and plaintiff must be specific in his descriptions of persons, places, times, events, versions of documents, etc., without ambiguity. Plaintiff's

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL
DISCOVERY AND DENYING APPOINTMENT OF
COUNSEL - 4

requests do not facially request information that is relevant to his claim. Requests should pertain to the individual Defendant who is asked to respond and should not be unreasonably duplicative or cumulative.

**Request 12.** The Court **DENIES** the request. The requests asks defendant about the contents of DOC 710.400. Plaintiff has a copy of this policy, and is thus aware of its contents. The request adds nothing to what is already contained in the policy.

Plaintiff also requests the Court to order defendant Kresge to answer interrogatories and requests for production: 5, 6, 8 and 9.

**Interrogatories 5, 8 and 9.** The Court **DENIES** the discovery requests. The discovery requests are not properly propounded interrogatory questions and requests for production as contemplated by the federal rules. As noted above proper requests for admission should be clear, specific and relevant and propounded in a way that permits the responded party to admit or deny. The same principle applies here in that interrogatories cannot be argumentative, ague, or duplicative of other discovery requests. Also Interrogatory 9 is overbroad in that it asks for information that includes matters that have no bearing on the case.

**Interrogatory 6.** The Court **DENIES** the discovery requests as defendant provided an answer.

**C.    Discovery Requests Regarding Defendant Larson**

Plaintiff requests the Court order defendant Larson to admit or deny requests for admissions 4, 11, 14, 15, and 16.

**Request 4**. The Court **DENIES** the request. It is argumentative, and plaintiff presents nothing showing what defendant "wanted" is relevant to the claimed retaliation.

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL
DISCOVERY AND DENYING APPOINTMENT OF
COUNSEL - 5

**Request 11**. The Court **DENIES** the request. It is unclear what "any such unacceptable behavior is," and plaintiff's argument in support of his requests cites to policy language that is not part of the interrogatory.

**Request 14**. The request is similar to the one propounded to defendant Kresge (10) and is **DENIED** for the same reasons noted above.

**Request 15**. The Court **DENIES** the request as argumentative in that is accuses defendant of "picking and choosing" what parts of DOC policy to follow or not follow. Plaintiff claims the Court should order defendant to answer "to determine whether defendant's failure to follow policy was part of normal practice or as part of retaliation." This assumes defendant failed to follow policy which is something not yet established.

**Request 16.** The Court **DENIES** for the reasons above in regards to defendant Kresge.

Plaintiff also requests the Court order defendant Larsen to answer interrogatories and requests for production: 4, 5, 6, 8 and 10.

**Request 4**. The Court **DENIES** the request. The request is a multipart question and also asks defendant to provide an answer assuming certain facts in dispute or hypothetical facts.

**Request 5**. The Court **DENIES** the request because defendant in his objection provided an answer.

**Request 6**. The Court **DENIES** the request because defendant in his objection provided an answer.

**Request 8.** The Court **DENIES** the request because it is overbroad in that it asks for information that includes matters in which relevance has not been shown.

**Request 10**. The Court **DENIES** the request because it assumes defendant was "not happy or disturbed" which is not a fact established. It is also an ambiguous question that dances around plaintiff's claim: did defendant in retaliation terminate plaintiff from his kitchen job.

D.    **Motion to Appoint Counsel**

Plaintiff also moves the Court to appoint counsel. Dkt. 18. Generally, a person has no right to counsel in a civil action. *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998). The Court may appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1), but only under "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). To determine if "exceptional circumstances" exist, the Court considers "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

The record indicates that this case does not present extraordinary circumstances warranting the appointment of counsel. The pleadings that plaintiff has filed, his discovery requests, and his ability to confer with opposing counsel work out some of the discovery disputes establish he is able to present his case. Appointment of counsel is therefore not justified at this time, and the Court **DENIES** the motion. Dkt. 18. In conclusion, the Court **ORDERS**:

1.    The motions to compel discovery and appoint counsel, Dkt. 18, are DENIED.

2.    The clerk shall provide plaintiff a copy of this order.

DATED this 18th day of March, 2019.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge