UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FRANK BELLUE,

                    Plaintiff,

        v.

DEPARTMENT OF CORRECTIONS, ET. AL.,

                    Defendants.

CASE NO. C18-855-RSL-BAT

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

On June 12, 2018, plaintiff Frank Bellue, a prisoner at the Monroe Washington State Reformatory, submitted a *pro se* 28 U.S.C. § 1983 civil rights complaint naming as defendants the Department of Corrections (DOC); Superintendent M. Obenland; Linda Heiss; Mark Miller; B. Blowers: Jack Warner; Russell J. Scott; Gary Kresge; Jeff Larsen; and Ron Klamert. Dkt. 1 at 2, 3. The complaint alleged defendants fired plaintiff from his prison job in violation of the due process clause, and the equal protection clause; that firing plaintiff was cruel and unusual punishment; and that the firing was a retaliatory act.

On July 17, 2018, the Court filed a Report recommending dismissal of plaintiff's allegations against the DOC, Superintendent M. Obenland, Linda Heiss, Mark Miller, B. Blowers: Jack Warner; Russell J. Scott, Gary Kresge, Jeff Larsen and Ron Klamert that they

1    terminated his prison job in violation of the rights to due process and equal protection, acted in

2    retaliation, and also violated his right to be free of cruel and unusual punishment. Dkt. 8.

3            However, the Court recommended plaintiff's allegation that defendants Gary Kresge and

4    Jeff Larsen violated plaintiff's First Amendment rights by recommending he be fired from his

5    prison job in retaliation for contesting an infraction go forward. *Id*. at 10. On September 14,

6    2018, the Honorable Robert S. Lasnik adopted the recommendation, dismissed all claims and

7    defendants excepting defendants Kresge and Larson. Dkt. 10. The District Judge directed the

8    clerk to serve the complaint on these two defendants limited to the claim that they fired plaintiff

9    in retaliation for contesting his infraction in violation of the First Amendment; the Court also

10   ordered the case be referred back to the undersigned United States Magistrate Judge. *Id.*

11           On March 13, 2019, defendants Kresge and Larson filed a motion for summary judgment,

12   supporting declarations and "Notice to Prisoner of a Dispositive Motion." Dkts. 23-26.

13   Defendants contend the Court should grant Summary Judgment because 1) defendants

14   recommended plaintiff be fired from his prison job for theft of food before the infraction hearing

15   and not in response to a grievance; 2) plaintiff did not submit a grievance until after he was

16   terminated from his prison job; 3) plaintiff has not exhausted his administrative remedies

17   because he has never claimed defendants retaliated against him in the grievances he filed; rather

18   plaintiff raised the retaliation claim for the first time in the present lawsuit; 4) plaintiff failed to

19   establish sufficient facts establishing a claim for retaliation and even if he has, defendants are

20   protected by qualified immunity. *Id.*

21           On April 1, 2019, plaintiff filed a response and supporting declarations in opposition to

22   defendants' motion for summary judgment. Dkts. 28-32. In his response, plaintiff requests the

23   Court dismiss the retaliation claim against defendant Kresge. Dkt. 28 at 23. However, Plaintiff

REPORT AND RECOMMENDATION ON
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT - 2

contends the case should proceed against defendant Larson because he exhausted his

administrative remedies by raising the retaliation issue at his kitchen infraction hearing, which he

contends is the only grievance process available to inmates who allegedly violate kitchen work

requirements and rules. Dkt. 28 at 9. Plaintiff also argues defendant Larson made threats against

him before he was terminated (*id.* at 3), and that the timing of his termination from his kitchen

job and the infraction hearing is suspicious (*id*. at 10); that he was fired from his prison job in

violation of his right to due process (*id*. at 6); and that his First Amendment rights to be free of

retaliatory acts for contesting an infraction is clearly established and defendants are thus not

shielded by the doctrine of qualified immunity. *Id.* at 12.

On April 5, 2019, defendants filed a reply and supporting declarations arguing the claim

against defendant Kresge should be dismissed as requested by plaintiff, and that the claims

against defendant Larson should be dismissed because plaintiff failed to exhaust his remedies

and has pleaded insufficient facts to establish a retaliation claim. Dkts. 33-36. The Court has

considered the record and the pleadings regarding the motion for summary judgment and

recommends defendants' motion for summary judgment be GRANTED and the case be

DISMISSED with prejudice.

**THE COMPLAINT**

The Court has already dismissed most of the allegations contained in the complaint but

given the arguments raised in plaintiff's response to defendants' motion, the Court reviews what

is and is not before the Court.

The complaint alleges on November 23, 2017, plaintiff was completing his prison kitchen

job when he grabbed his sack lunch and a second sack lunch for a co-worker who was also

REPORT AND RECOMMENDATION ON
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT - 3

1    leaving. Dkt. 7 at 3. Plaintiff received a disciplinary infraction for "theft of food." *Id.* He

2    subsequently attended a disciplinary infraction hearing and was found "not guilty." *Id* at 4.

3          On November 30, 2017, plaintiff claims defendant Klemert sent defendant Miller an

4    email terminating plaintiff from his prison job for failing to follow program requirements for the

5    kitchen job. *Id.* Plaintiff grieved the termination. Defendant Heiss responded indicating Klemert

6    properly terminated plaintiff from his job and that plaintiff could reapply for the job in 60 days –

7    January 18, 2018. *Id.* Plaintiff appealed and defendant Miller responded finding plaintiff's

8    termination was unconnected to his disciplinary matter, and that plaintiff was terminated because

9    his behavior was unacceptable for employment in the kitchen. *Id.* Defendant Blowers concurred

10    with this determination. Plaintiff then appealed Miller's decision to defendant Russell. Plaintiff

11    alleges Miller "rubber stamped" the job termination decision. *Id.* at 5.

12          Plaintiff alleges the Department of Corrections (DOC) maintains policies regarding

13    correctional employment performed by inmates. *Id.* He alleges he has not received anything

14    "pertaining to his unacceptable behavior" as "due process requires." *Id.*  He alleges defendants

15    acted unlawfully when they suspended him from his job before the disciplinary hearing, and

16    when they terminated him after the disciplinary hearing. *Id.* at 6. Plaintiff claims he was not

17    given notice or a hearing regarding termination of his prison job. Plaintiff contends because he

18    was found not guilty at his disciplinary hearing, the only reason he was fired from his prison job

19    is defendants were retaliating against him for exercising his first amendment rights at the

20    disciplinary hearing. *Id.* at 7.

21          Plaintiff alleges defendants violated his due process rights by: firing him from his prison

22    job without notice; failing to inform him of the evidence against him; failing to give him a

23    chance to present a defense; and denying him an impartial hearing officer. *Id.* Plaintiff claims

REPORT AND RECOMMENDATION ON
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT - 4

1  defendants Russell, Obenland, Klermert, Miller, Blowers, Warner and Heisse were informed of

2  these acts and are thus liable for failing to take proper action. *Id.* Plaintiff contends Klemert held

3  a "secret" hearing and terminated him, and that Russell failed to perform a proper investigation

4  and rubberstamped the other defendants' statements and responses to plaintiff's grievances. *Id.* at

5  8.

6        Plaintiff also alleges each defendant above violated his right to equal protection. *Id* at 9.

7  He claims other inmates have received major infractions but returned to their jobs after the

8  infraction was dismissed. *Id.* Plaintiff claims he was terminated in retaliation for speaking at his

9  disciplinary hearing in violation of his first amendment rights. *Id.* at 10. Plaintiff also alleges the

10  defendants conspired to deprive him of his rights. *Id.* at 9, 10.

11        Regarding the retaliation claim, plaintiff alleges after he was found not guilty at the

12  disciplinary hearing, defendants Kresge and Larsen recommended termination, that the

13  recommendation was in retaliation to plaintiff's decision to contest the infraction, that the

14  recommendation was forwarded to Klermert who willfully joined in the retaliation. Plaintiff

15  faults defendants Heiss, Miller and Russell for affirming Klemert's termination decision.

16  Plaintiff also alleges Superintendent Oberland is liable for failing to respond to a letter plaintiff

17  mailed him about being fired. *Id.* at 12. The complaint further contends that the actions of the

18  defendants constitute cruel and unusual punishment. *Id.* As discussed below, the Court has

19  already dismissed most defendants and most of the claims.

## PRIOR ACTION TAKEN BY THE COURT

21        On July 17, 2018, the Court filed a Report recommending dismissal of plaintiff's

22  allegations against the DOC, Superintendent M. Obenland, Linda Heiss, Mark Miller, B.

23  Blowers: Jack Warner; Russell J. Scott, Gary Kresge, Jeff Larsen and Ron Klamert that they

REPORT AND RECOMMENDATION ON
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT - 5

1    terminated his prison job in violation of the rights to due process and equal protection, and also

2    violated his right to be free of cruel and unusual punishment. Dkt. 8. The report noted plaintiff

3    alleged his rights to due process and equal protection were violated by the manner in which he

4    was terminated from his prison job. The Court recommended dismissal of the due process

5    allegations fail because the Fourteenth Amendment's due process clause does not create a

6    property or liberty interest in prison employment. *See e.g. Hunter v. Heath*, 95 F. Supp. 2d 1140,

7    1147 (D. Or. 2000) ("It is uniformly well established throughout the federal circuit courts that a

8    prisoner's expectation of keeping a specific prison job, or any job, does not implicate a property

9    or liberty interest under the Fourteenth Amendment."), rev'd on other grounds, 26 Fed.Appx.

10   764, 755 (9th Cir. 2002); *Bravot v. Calif. Dept. of Corr*, No. 05-113, 2006 WL 47398 at *4

11   (E.D.Cal. Jan.9, 2006) ("Since plaintiff does not have a constitutional right to a prison job, much

12   less to a particular job, he is not entitled to due process procedural protections prior to being

13   deprived of his work.").

14         The Court also noted and rejected plaintiff's claim he has a state created liberty interest in

15   his prison job, entitling him to due process protections. Plaintiff contends the state created a

16   liberty interest by implementing "incentive programming"; this demonstrates, plaintiff argues,

17   the state's interest in prisoners "Performing Active Rehabilitation." Dkt. 1 at 12. However,

18   incentives to participate in work or education do not create a state liberty interest. *See e.g. Welch*

19   *v. Martel*, No.  2011 WL 1586470 at * 3 (E.D. Ca. April 22, 2011) (Although California created

20   a sentence credit scheme in exchange for performance in a work, training, or education program,

21   the scheme does not create a state liberty interest) (citations omitted); *see also Bounds v. Miller-*

22   *Stout*, No.  2008 WL 3891463 at * 2 (E.D. Wa. Aug. 19, 2008) (Washington statute RCW

23   72.09.460 regarding inmate participation in education and work programs does not create a

REPORT AND RECOMMENDATION ON
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT - 6

liberty interest). Accordingly, as there are no due process rights associated with jobs performed by inmates, the claims should be dismissed with prejudice.

The Court also rejected plaintiff's equal protection claim that some prisoners were returned to their jobs after their infractions were dismissed, but that he was terminated. Dkt. 7 at 9. Prisoners do not have a right to a job or program opportunities in prison. *Sandin v. Connor*, 515 U.S. 472, 484, (1995); *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir.1997). Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The Court noted there is no allegation or evidence of invidious race discrimination here.

The Court observed that plaintiff's claim rests on a "class of one theory," i.e., plaintiff was treated differently from other prisoners in regards to his job. In the context of public employment matters, the Supreme Court cautions against utilizing a "class of one" theory of equal protection, i.e., that a person who has been treated differently in a work situation has stated an equal protection claim. *Engquist v. Oregon Department of Agriculture*, 553 U.S. 591, 601–02 (2008). This is because "treating seemingly similarly situated individuals differently in the employment context is par for the course." *Id.* at 604.

If a "class of one" theory is inapplicable in the public employment context, it is also inapplicable in the prison context. *See Weathers v. Hagermeister-May*, No. 13-1932, 2015 WL 1956433 at * 5 (E.D.Cal. April 29, 2015) ("a 'class of one' Equal Protection claim is not an available form of redress for an inmate who has received allegedly arbitrary treatment at his or her prison work assignment."); (*Davis v. Villagrana*, No. 09-1897, 2011 WL 318328 (E.D.Cal. 2011) (rejecting "class of one" theory in a prison job litigation).

REPORT AND RECOMMENDATION ON
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT - 7

1    The Court further rejected plaintiff's claim his prison job termination violates the Eighth

2    Amendment's prohibition against cruel and unusual punishment. A prison job or work

3    assignment does not constitute a basic human need, and being deprived from working does not

4    constitute an Eighth Amendment violation. *See Barno v. Ryan*, 399 Fed. App'x 272, 273 (9th

5    Cir. 2010) (holding that possible loss of a prison job did not violate the prisoner's Eighth

6    Amendment rights); *Cox v. Pacholk*e, No. C12-5421 BHS/KLS, 2012 WL 5877513, *4 (W.D.

7    Wash. Oct. 9, 2014) (finding that "[t]here is no constitutional right to receive and retain a

8    particular prison job assignment" so termination from employment does not violate the Eighth

9    Amendment); *Williams v. Meese*, 926 F.2d 994, 998 (10th Cir. 1991) (removing a prisoner from

10   a job does not rise to the level of cruel and unusual punishment). This claim is not actionable and

11   should therefore be dismissed with prejudice.

12   The complaint also alleged plaintiff was fired from his prison kitchen job "after he

13   exercised his first amendment right at the disciplinary hearing against him, the retaliation and

14   conspiracy started." Dkts. 1 and 7 at 10. The First Amendment protects prisoners' right to file

15   grievances without retaliation. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012). The

16   Court noted that in screening a prisoner complaint it does not decide whether retaliation

17   occurred. Rather, the Court decides only whether the complaint contains sufficient factual

18   allegations to state a claim that may proceed. The Court found the complaint does because it

19   alleges plaintiff was sanctioned for taking two sack lunches; he contested the sanction; and after

20   he contested the sanction he was fired from his prison job.

21   The Court however recommended the retaliation claim be limited to two defendants,

22   noting speculation that a defendant acted out of retaliation is not sufficient. *Wood v. Yordy*, 753

23   F.3d 899, 904-05 (9th Cir. 2014). The Court concluded that although the complaint pleaded

REPORT AND RECOMMENDATION ON
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT - 8

sufficient facts for a First Amendment claim limited to defendants Kresge and Larsen, there is no basis to support the claim against the other defendants.

On September 14, 2018, the assigned district judge adopted the recommendations above, dismissed all claims and defendants excepting defendants Kresge and Larson. Dkt. 10. The district judge directed these two defendants be served limited to the claim that they fired plaintiff in retaliation for contesting his infraction in violation of the First Amendment.

## DISCUSSION

The sole claim for relief before the Court is whether defendants Kresge and Larson fired plaintiff from his prison kitchen job in retaliation for contesting the infraction in violation of the First Amendment. This focus is important because in his response, plaintiff again alleges his right to due process was violated, (Dkt. 28 at 6), and the termination of his job violates DOC policies, i.e. a state created liberty interest implicating the right to due process. *Id.* at 4, 7. The Court, however, has already dismissed with prejudice plaintiff's due process, equal protection, and cruel and unusual punishment claims and they are thus not before the Court in its assessment of whether to grant defendants' motion for summary judgment.

### A.    SUMMARY JUDGMENT

The Court shall grant summary judgment if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (2010). In support of their motion for summary judgment, defendants need not negate plaintiff's claim, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); rather, defendants are entitled to judgment if the evidence is not sufficient for a jury to return a verdict in favor of plaintiff, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). When the record as a whole could not lead a

REPORT AND RECOMMENDATION ON
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT - 9

1  rational trier of fact to find for the opposing, summary judgment is warranted. *See Beard v.*

2  *Banks*, 548 U.S. 521, 529 (2006).

3      Defendants as the moving party have the burden to show there is no evidence which

4  supports an element essential to plaintiff's claim. *Celotex*, 477 U.S. 322. Once this has occurred,

5  the procedural burden shifts to plaintiff who opposes summary judgment. Plaintiff as the

6  opposing party must go beyond the pleadings and affirmatively establish a genuine issue on the

7  merits of his case. Fed. R. Civ. P. 56(e). Plaintiff must do more than simply deny the veracity of

8  everything offered or show a mere "metaphysical doubt as to the material facts." *Matsushita*

9  *Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The existence of a scintilla of

10  evidence is likewise insufficient to create a genuine factual dispute. *Anderson*, 477 U.S. at 252.

11  To avoid summary judgment, plaintiff as the nonmoving party must "set forth specific facts

12  showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  Plaintiff must demonstrate

13  that the disputed fact is material, and that the dispute is genuine. *Anderson*, 477 U.S. at 248-49.

14      Plaintiff's failure of proof "renders all other facts immaterial," creating no genuine issue

15  of fact and thereby entitling the moving party to the summary judgment it sought. *Celotex Corp.*,

16  477 U.S. at 323. However, if there are "any genuine factual issues that properly can be resolved

17  only by a finder of fact because they may reasonably be resolved in favor of either party," then

18  summary judgment may not be granted.  *Anderson*, 477 U.S. at 250.

19      To defeat defendants' motion for summary judgment, plaintiff must make more than

20  conclusory allegations, speculations or argumentative assertions that material facts are in dispute.

21  *Wallis v. JR Simplot Co.*, 26 F.3d 885, 890 (9th Cir. 1994).

22  /

23  /

REPORT AND RECOMMENDATION ON
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT - 10

1

### B.   EXHAUSTION OF REMEDIES

2
3

Plaintiff is a prisoner who seeks relief under 42 U.S.C. § 1983. He is therefore required to properly exhaust his administrative remedies. Under 42 U.S.C. § 1997e(a):

4
5

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

6
7

"Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits." *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Exhaustion is a mandatory prerequisite to filing suit in federal court. *Id.* The exhaustion requirement applies to any suit, brought under any federal statute, regarding conditions of imprisonment, including "all prisoners seeking redress for prison circumstances and occurrences . . . whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (same).

8
9
10
11
12
13

Congress intended the PLRA to apply to all federal laws with respect to prisoner suits, with the intent that prison officials would have the first opportunity to address prison conditions. *Porter*, 534 U.S. at 524-25. Exhaustion "cannot be waived, even when the process is futile or inadequate." *Keal v. Washington*, Case No. C05-5737 RJB, 2006 WL 2222337 at *3 (W.D. Wash., Aug. 2, 2006); *see also Porter*, 534 U.S. at 524 (exhaustion is mandatory).

14
15
16
17

Defendants contend the court should grant summary judgment because plaintiff failed to exhaust his administrative remedies. Dkt. 23 at 5. There is no dispute the Department of Corrections has a grievance program that requires a prisoner to submit a grievance within 20 days from the date of the incident the prisoner wishes to grieve. *Id.* at 5 (citing Dkt. 22 at ¶ 8). Defendants contends plaintiff did not submit a grievance against them for retaliation and that his § 1983 retaliation claim should therefore be dismissed. *Id.*

18
19
20
21
22
23

REPORT AND RECOMMENDATION ON
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT - 11

1    Plaintiff does not dispute defendants' contention that he did not file grievances against

2    defendants alleging retaliation. Rather he appears to argue he is exempt from exhausting his

3    remedies under the prison grievance procedure because prisoner kitchen jobs "have a built in

4    appeal process" and a prisoner cannot "write a grievance against them or involvement to them."

5    Dkt. 28 at. 9. In support, plaintiff submits the affidavit of prisoner Mario Salinas who grieved his

6    termination from his kitchen job. Dkt. 29. Prisoner Salinas' grievance was rejected by the prison

7    on the grounds "it is not a grievable issue." *Id.*

8    Plaintiff's argument that he is exempt because he could not file a grievance against

9    defendants for retaliation is contradicted by his grievance history. Defendants submitted the

10   affidavit Rebecca Citrak a prison employee who works in the grievance office and who is

11   familiar with the grievance process and has access to all grievances prisoners have filed. Dkt. 22

12   at 1. Ms. Citrack reviewed all grievances plaintiff filed related to this lawsuit and attached them

13   to her declaration. The grievances that plaintiff filed establish he in fact grieved the termination

14   of his kitchen job, contrary to his claim that he is prohibited from and thus unable to grieve the

15   loss of his kitchen job. Plaintiff did not claim defendants retaliated against him and the prison

16   system did not dismiss the grievances on the grounds they are "not grievable." Instead, the prison

17   considered plaintiff's grievances on their merits through a final appeal to the Superintendent of

18   the prison, Jack Warner, in which the Superintendent found:

19   
20   
21   
22   
23
> In your appeal you assert that because your termination was based on the same video that was used in your disciplinary hearing, you were wrongly terminated as a sanction even though you were found not guilty of the minor infraction. Your complaint is not supported by the review conducted. Sanctions are administered based upon a guilty finding as a result of a disciplinary hearing. Your job termination was done as a result of a separate review that was done by Correctional Industries General Manager Ron Klamert which was unconnected to the hearing process.

REPORT AND RECOMMENDATION ON
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT - 12

1  *Id.*, Ex. 1 at 6.

2      The record thus establishes plaintiff filed grievances over the termination of his kitchen

3  job and that in these grievances did not claim retaliation. The grievances were fully considered

4  through a final appeal to the superintendent and were not rejected as non-grievable. The

5  exhaustion requirement is a mandatory prerequisite to filing suit in federal court, and not

6  waivable. As the record established plaintiff grieved the termination of his kitchen job but never

7  asserted retaliation in those grievances, summary judgment should be granted for failure to

8  exhaust administrative remedies, and the complaint should be dismissed with prejudice.

9      The Court notes plaintiff claims in his response, for the first time, that defendant Larson

10 asked him on November 21, 2017 to snitch on other inmates, and made a comment that plaintiff

11 must not want [his] job." Dkt. 28 at 3. Plaintiff has not exhausted this claim. Plaintiff admits he

12 did not exhaust this claim but contends to failed to file a grievance over Larson's alleged conduct

13 because he was afraid of retaliation. The Court rejects this explanation. Plaintiff was fired from

14 his kitchen job nine days after Larson allegedly made the comment about plaintiff not wanting

15 his job, yet plaintiff made no attempt to grieve Larson's alleged comments.

16     In short the undisputed history establishes that while plaintiff has filed grievances, he did

17 not grieve that claimed retaliatory acts. Plaintiff's retaliation claims are unexhausted and

18 therefore should be dismissed.

19 ### C.    MERITS OF THE CLAIM

20     Defendants contend the undisputed facts establish plaintiff has failed to state a claim for

21 retaliation.  Dkt. 23 at 6. A First Amendment retaliation claim in the prison context requires

22 plaintiff to establish: (1) the state actor took some adverse action against an inmate (2) because

23 of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of

REPORT AND RECOMMENDATION ON
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT - 13

1    his First Amendment rights, and (5) the action did not reasonably advance a legitimate

2    correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005).

3        The complaint in this case alleges after plaintiff was found not guilty at the infraction

4    disciplinary hearing, defendants Kresge and Larsen recommended plaintiff be terminated from

5    his prison job in retaliation to plaintiff's decision to contest the infraction. *See* Dkt 7 at 10

6    ("After plaintiff exercised his first amendment right at the disciplinary hearing against him, the

7    retaliation and conspiracy started as soon as defendant's Kresge and Larson learned plaintiff was

8    found not guilty.").

9        The undisputed facts do not support this allegation. The records plaintiff submitted in

10   response to the motion for summary judgment establish numerous prisoners including plaintiff

11   were involved in theft of food on November 23, 2017 while working at their prison kitchen jobs.

12   Dkt. 32, Ex. 3 at 1. As the complaint avers, plaintiff was served with a disciplinary infraction on

13   November 27, 2017 for the theft of food. Dkt. 7 at 3. In the infraction, defendant Kresge wrote

14   under "recommended sanctions," "Recommend Terminate." Dkt. 32, Ex. 3 at 12. Defendant

15   Larson is listed as a witness on the infraction. *Id.* Plaintiff's complaint avers that on November

16   29, 2017, he attended "the infraction/disciplinary hearing where he was found 'NOT GUILTY.'"

17   Dkt. 7 at 3.

18       The undisputed facts thus establish defendants recommended plaintiff be terminated two

19   days **before** the disciplinary/infraction hearing was conducted. Defendants' decision to

20   recommend termination occurred before and not after plaintiff exercised his First Amendment

21   right at the disciplinary hearing against him as the complaint alleges. Accordingly, as defendants

22   did not take adverse action against plaintiff in response to or after he exercised his First

23

REPORT AND RECOMMENDATION ON
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT - 14

Amendment right to contest his infraction, the retaliation claim should be dismissed for failure to state a claim upon which relief may be granted.

The Court notes plaintiff asserts a plethora of reasons why summary judgment should be denied including speculation about how the timing of his firing and the sanctions hearing are suspicious; defendants and others at the prison are untruthful; defendants do not have the authority to fire him from his job and also have an infraction/disciplinary hearing; defendants' actions are akin to the prohibition against double jeopardy in the criminal context; and plaintiff is a good kitchen worker and should not have been terminated. To the extent many of the assertions are conclusory allegations, speculative or argumentative assertions they are insufficient to establish that there are material facts in dispute. And to the extent some of the arguments go to whether defendants violated plaintiff's due process and equal protection rights by firing him for the kitchen job, those arguments are foreclosed because the Court has already dismissed the claims underlying the arguments.

Moreover, plaintiff's assertions do not contradict the fact the defendants recommended plaintiff be terminated from his job **before** the disciplinary/infraction hearing, **not after** as a retaliatory response to the "not guilty" finding made at the hearing. Plaintiff's failure of proof as to these essential undisputed facts "renders all other facts immaterial," creating no genuine issue of fact; defendants are thus entitled to summary judgment.

### D.    QUALIFIED IMMUNITY

The Court notes defendants also claim the doctrine of qualified immunity shields them from liability. The Court need not address this claim for two reasons. First, the complaint should be dismissed because plaintiff failed to exhaust his administrative remedies. And second, the record establishes plaintiff has failed to establish facts supporting his claim. Plaintiff claims

defendants fired him in retaliation after he exercised his First Amendment right to contest the infraction. But the record plainly established defendants had already recommended termination even before the infraction hearing, and that there is thus no factual basis supporting a retaliation claim. Because the facts of this case show that the defendants did not violate plaintiff's First Amendment rights, they are not liable, and the doctrine of qualified immunity does not come into play.

**CONCLUSION**

For the reasons above, the Court recommends **DISMISSING** with prejudice the First Amendment retaliation claim against defendants Kresge and Larson.

Any objection to this Report and Recommendation must be filed no later than **April 24, 2019**. The Clerk should note the matter for **April 26, 2019**, as ready for the District Judge's consideration. If objections are filed, any response is due within 7 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. Objections should not exceed ten (10) pages. The failure to timely object may affect the right to appeal. The Clerk shall also provide a copy of this Report and Recommendation to plaintiff.

DATED this 10th day of April, 2019.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION ON
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT - 16